IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUELLER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF JOLIET, BRIAN BENTON, in his official and individual capacity as the CHIEF OF POLICE, and EDGAR GREGORY, in his individual capacity,<br><br>    Defendants. | Case No. 1:17-CV-7938<br><br><br><br><br><br><br><br>Plaintiff Demands Trial By Jury |

## COMPLAINT

Plaintiff DAVID MUELLER, through his undersigned counsel, respectfully submits Plaintiff's Complaint against Defendants, City of Joliet, Police Chief Brian Benton, in his official and individual capacity, and Edgar Gregory, in his individual capacity and states as follows:

### Nature of the Action

1. Plaintiff DAVID MUELLER brings this action for violations of the Uniformed Service Members Employment and Reemployments Act, 38 U.S.C.A. § 4311 ("USERRA") (Count I) and violations of the Illinois Military Leave of Absence Act, 5 ILCS 325/1 ("IMLAA") (Count II).

2. Plaintiff seeks declaratory, compensatory, and equitable relief.

**Jurisdiction and Venue**

3. This Court has original subject matter jurisdiction over Plaintiff's federal claim (Count I) pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the Illinois state claim (Count II), pursuant to 28 U.S.C. § 1367, as it is part of the same case or controversy as the federal claims.

5. Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391, as Plaintiff and all Defendants either reside in this District or have their principle place of business in this District, and all events giving rise to Plaintiff's claims occurred within this District.

**Administrative Proceedings**

6. On or about August 10, 2016, Plaintiff filed a charge with the Illinois Department of Human Rights ("IDHR"), alleging discrimination and unequal terms and conditions of employment due to Plaintiff's status as a military service member.

7. Plaintiff has received his dismissal notice, allowing him the right to sue before a court of law, and has timely filed this Complaint upon receipt of his notice of right to sue.

**Parties**

8. Plaintiff DAVID MUELLER ("Mueller") is a citizen of the United States who resides in Cook County, Illinois.

9. On January 3, 1995, Plaintiff Mueller was hired by the City of Joliet Police Department as a police officer.

10. Plaintiff was subsequently promoted to Sergeant.

11. Plaintiff is currently an employed as a Sergeant of Operations.

12. On or about August 15, 2015, Plaintiff re-enlisted in the Illinois National Guard to offer service to our Country. Plaintiff had previously served in the military from approximately 1998 to 2005.

13. Since August 15, 2015 to the present, Plaintiff has continued to serve in the National Guard, being called to active duty service multiple times over the years.

14. At all relevant times, Plaintiff has satisfactorily fulfilled his assigned duties.

15. At all relevant times, Plaintiff has met or exceeded his supervisors' expectations.

16. Defendant, CITY OF JOLIET ("Joliet"), is a municipality incorporated under the laws of the State of Illinois. Joliet administers itself through department, one of which is the Joliet Police Department.

17. At all relevant times, Defendant Joliet employed Plaintiff Mueller at the police department and knew of his enlistment with the National Guard.

18. At all relevant times, Defendant BRIAN BENTON ("Benton") has served as the Chief of the Police Department and is sued in his official and individual capacity.

19. Defendant Benton was and is a policy maker for the Police Department and has final policy making authority and/or was delegated with final policy making authority with regard to conduct alleged herein.

20. At all relevant times, Defendant EDGAR GREGORY ("Gregory") has served as the Deputy Chief of the Police Department and is sued in his individual capacity.

21. Defendant Gregory was and is a policy maker for the Police Department and has final policy making authority and/or was delegated with final policy making authority with regard to conduct alleged herein.

*Facts Related to All Claims*

22. On or about August 2015, Plaintiff Mueller re-enlisted in the National Guard.

23. On or about March 2016, Plaintiff received notice from the National Guard advising Plaintiff of a job opening in the National Guard Counter Drug Task Force.

24. Plaintiff took all the necessary steps to apply for the position on the task force, including filling out an application and interviewing for the position.

25. In or about March 23, 2016, Plaintiff received orders from the National Guard detailing his deployment orders and to report for active full-time duty to the National Guard Counter Drug Task Force.

26. Plaintiff's military orders were that he would serve in a "Full Time National Guard Duty" from May 9, 2016 through September 30, 2016.

27. Plaintiff Mueller immediately advised Defendants, through his chain of command, of his deployment orders and his upcoming active duty with the National Guard.

28. On April 4, 2016, Defendant Benton sent a memorandum to Police Department staff alerting them to Plaintiff's upcoming leave of absence due to active military duty.

29. On May 9, 2016, Plaintiff Mueller began his active duty with the National Guard Counter Drug Task Force.

30. On June 15, 2016, Defendant Benton sent an email to Plaintiff stating, in relevant part, that during Plaintiff's military leave of absence, Plaintiff will be placed on an "unpaid leave of absence," that he would have to use his benefit time for his military service, and that he would "not continue to accrue leave time, such as vacation or personal days."

31. Plaintiff was forced to choose between being in an unpaid leave or use his accrued benefit time, including vacation and personal days, in violation of the IMLAA and USERRA.

32. Further, due to Defendants' failure to compensate Plaintiff the difference between his military pay and his Police Department salary, and depriving Plaintiff of

5

benefits to which he is entitled, Plaintiff was forced to request early release from his active duty with the National Guard in order to return to his position at the Police Department and have his pay reinstated. Plaintiff also lost pension benefits with the National Guard as a result.

33. On August 1, 2016, Plaintiff Mueller returned to full time status with the Joliet Police Department and resigned from the National Guard Counter Drug Task Force.

34. From his active duty employment on May 9, 2016 to his return to full-time status with the Police Department on August 1, 2016, Plaintiff was forced to use 120 hours of accrued time and benefits.

35. The Illinois Military Leave of Absence Act specifically requires that a "full time employee of . . . a unit of local government. . . who is a member of any reserve component of the United States Armed Forces . . . shall be granted leave from his or her public employment for any period actively spent in military service." 5 ILCS 325/1(a).

36. Further, the IMLAA states that "during these leaves, the employee's seniority and other benefits shall continue to accrue" and for any "duty required by the United States Armed Forces, if the employee's daily rate of compensation for military activities is less than his or daily rate of compensation as a public employee, he or she shall receive his or her regular compensation as a public employee minus the amount of his or her base pay for military activities." 5 ILCS 325/1(a).

37. Defendants' denial of Plaintiff's benefits that he is otherwise entitled to, including his accrual of vacation and personal days, is in direction violation of IMLAA and USERRA.

38. Similarly, Defendants' decision to put Plaintiff on "unpaid leave" instead of issuing the difference in pay between his daily rate of compensation at the National Guard and his daily rate of pay at the Joliet Police Department is in direct violation of IMLAA and USERRA.

39. Further, Defendants based their decision -- to withhold Plaintiff's pay, to stop accrual of Plaintiff's vacation and personal days and benefit time, and to place Plaintiff on unpaid leave -- on the fact that Plaintiff Mueller was re-enlisting in the National Guard and being ordered to active duty.

40. On or about April 6, 2016, after being informed by Plaintiff that he was ordered to active duty on May 9, 2016, Defendant Gregory called Plaintiff into his office and yelled at and belittled Plaintiff stating that "he was fucking over the Department" by leaving and trying to "double dip on pay."

41. Defendants' discrimination and retaliation of Plaintiff based on his military service continued.

42. On May 6, 2016, during the Staff and Command Graduation, where Defendant Gregory told Plaintiff, in front of other Police Department officers, that Plaintiff was screwing over the Department by leaving them one supervisor short.

7

43. Plaintiff's military active duty status and his decision to re-enlist with the National Guard was a motivating factor in Defendants' decision to deny Plaintiff his benefits and compensation, and to discriminate and retaliate against Plaintiff.

44. Defendants' conduct in denying Plaintiff his accrual of vacation days and benefit time, forcing Plaintiff on unpaid leave, and denying Plaintiff his required compensation during his active duty is a direct violation of USERRA and IMLAA.

45. Plaintiff complained that Defendants were violating USERRA and the IMLAA, and provided Defendants with a copy of the statutes.

46. Despite Plaintiff's complaints that Defendants were violating USERRA and the IMLAA, Defendants did not change it policy or practice of violating USERRA and the IMLAA.

47. Defendants' violations of the USERRA and the IMLAA were willful.

48. Defendants did not treat similarly situated non-military service members in the same way that Defendants treated Plaintiff. For example, Defendants paid another officer, Jay Sanders, while he was on administrative leave (non-military related) for at least 9 months, despite the fact that Sanders had criminal charges pending against him, wherein it was alleged that he was being investigated for criminal sexual abuse of a minor. Defendants did not force Sanders to use his vacation or benefit time, and paid him while he was on an administrative leave. Defendants also allowed Sanders to

accrue benefit time, including vacation time, while he was on administrative leave with pay.

## COUNT I

**VIOLATION OF THE UNIFORMED SERVICE MEMBERS EMPLOYMENT AND REEMPLOYMENT ACT (USERRA)**

49. Plaintiff realleges and incorporates by reference paragraphs 1-45 above as if fully set forth herein against all Defendants.

50. Plaintiff is an active member of Illinois National Guard.

51. Defendants knew of Plaintiff's membership in the Illinois National Guard and were given notice of Plaintiff's deployment orders for active duty.

52. USERRA prohibits discrimination in employment against individuals who have been called to duty in the uniformed service. Specifically, 38 U.S.C. § 4311 provides that an employee may not be denied a "benefit of employment" because of the employee's membership in the uniformed service.

53. The accrual of vacation days and personal days is a "benefit of employment" as that term is broadly defined under § 4303(2) of USERRA, 38 U.S.C. §4303(2).

54. Defendants denied Plaintiff the accrual of his vacation days due to Plaintiff's active military status.

55. Plaintiff Mueller's status as an active member of the National Guard and his decision to re-enlist with the National Guard Counter Drug Task Force was the motivating factor in Defendants' actions.

56. As a result of Defendants' discrimination against Plaintiff based on his military service, Plaintiff has suffered harm, including but not limited compensatory damages, loss of benefit time and vacation and personal days, his pension benefits with the military as a result of being forced to resign from the counter-drug task force, other terms and conditions and benefits of employment, and other make whole damages.

WHEREFORE, based on the foregoing, Plaintiff Mueller demands judgment as follows:

A. A declaratory judgment that Defendants' conduct and policy regarding active military leave violates USERRA;

B. Injunctive relief and a change of Defendants' policies of discriminating against military service members;

C. Compensatory damages, including but not limited to, back-pay and actual damages, loss of past and future earnings, loss of benefit time, emotional distress, damage to professional reputation, humiliation, embarrassment, and pain and suffering;

D. Liquidated damages;

E. An order requiring compliance pursuant to 38 U.S.C. § 4323(d)(1)(A);

  F. Costs of suit, inclusive of reasonable attorneys' fees, expert witness fees, and other litigation expenses;

  G. Interest, costs and disbursements, and attorneys' fees and expenses; and

  H. Such other and further relief as the Court may deem just and proper.

## COUNT II

**VIOLATION OF THE ILLINOIS MILITARY LEAVE OF ABSENCE ACT (IMLAA)**

57. Plaintiff realleges and incorporates by reference paragraphs 1-45 above as if fully set forth herein against Defendant City of Joliet and Defendant Chief Benton in his official capacity.

58. Plaintiff is a full-time employee of the Joliet Police Department.

59. Plaintiff is a reserve member of the Illinois National Guard.

60. IMLAA requires that an employer grant leave for any employee on a "period actively spent in military service." 5 ILCS 325/1(a).

61. Further, IMLAA requires that an employee's "seniority and other benefits shall continue to accrue" during these leaves. 5 ILCS 5 ILCS 325/1(a).

62. Finally, IMLAA requires that an employee receive "his or her regular compensation as a public employee minus the amount of his or her base pay for military activities." 5 ILCS 325/1(a).

63. Upon entering active duty for the Illinois National Guard, Plaintiff was denied the accrual of his vacation and personal days and denied compensation equal to his rate of pay as an employee of the Joliet Police Department minus his rate of pay for the Illinois National Guard.

64. Defendants' conduct of denying Plaintiff his benefits and compensation is a direct violation of IMLAA.

65. As a result of Defendants' discrimination against Plaintiff based on his military service, Plaintiff has suffered harm, including but not limited compensatory damages, loss of benefit time and vacation and personal days, his pension benefits with the military as a result of being forced to resign from the counter-drug task force, other terms and conditions and benefits of employment, and other make whole damages.

WHEREFORE, based on the foregoing, Plaintiff Mueller demands judgement as follows:

A. A declaratory judgment that Defendants' conduct and policy regarding active military leave violates the IMLAA;

B. Injunctive relief and a change of Defendants' policies of discriminating against military service members;

C. Compensatory damages, including but not limited to, back-pay and actual damages, loss of past and future earnings, loss of benefit time, emotional

distress, damage to professional reputation, humiliation, embarrassment, and pain and suffering;

D. An order requiring compliance with the IMLAA;

E. Costs of suit, inclusive of reasonable attorneys' fees, expert witness fees, and other litigation expenses;

F. Interest, costs and disbursements, and attorneys' fees and expenses; and

G. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DAVID MUELLER

/s/*Dana L. Kurtz*

Attorney for Plaintiff

*Electronically filed on November 2, 2017*

Dana L. Kurtz, Esq. (6256245)
Heidi Karr Sleper, Esq. (6287421)
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone:  630.323.9444
Facsimile:  630.604.9444
E-mail: dkurtz@kurtzlaw.us
Email: hsleper@kurtzlaw.us