IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cv-7938 |
| v. ) | Honorable Judge: Harry D. Leinenweber |
| ) | |
| CITY OF JOLIET, BRIAN BENTON, in his ) | Jury Demanded |
| official and individual capacity as the CHIEF ) | |
| OF POLICE, and EDGAR GREGORY, in his ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants City of Joliet, Brian Benton and Edgar Gregory (collectively "Defendants" or the "City"), by and through their attorneys Clark Baird Smith LLP, hereby move to dismiss the Complaint pursuant to Fed R. Civ. P. 12(b)(6).

1. Plaintiff has brought a two-count complaint against the City for alleged violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and the Illinois Military Leave of Absence Act ("ILMAA"). 5 ILCS 325/1 *et seq.*

2. The Complaint alleges that Plaintiff, David Mueller, is employed by the City of Joliet in its Police Department as a Sergeant of Operations. *See* Cmplt. ¶¶ 9-11.

3. The Complaint further alleges that "[o]n or about March 23, 2016, Plaintiff received orders from the National Guard detailing his deployment orders and to report for active full-time duty to the National Guard Counter Drug Task Force." *Id.* at ¶ 25. "Plaintiff's military orders were that he would serve in a 'Full Time National Guard Duty' from May 9, 2016 through September 30, 2016." *Id.* at ¶ 26.

4. The Complaint further alleges that Plaintiff's "status as an active member of the National Guard and his decision to re-enlist with the National Guard Drug Task Force was the motivating factor in Defendants' action" of allegedly denying him the "accrual of vacation days." *See id.* at ¶¶ 54-55. Count I of the Complaint alleges that these actions constituted a violation of USERRA.

5. Count I must be dismissed because Plaintiff's active full-time service in the Illinois National Guard's Counter Drug Task Force falls outside the protections of USERRA, because the service is purely a function of State law. *See* 20 C.F.R. § 1002.57(b) ("National Guard service under authority of State law is not protected by USERRA"). Count I also must be dismissed with regard to the two individually named Plaintiffs (*i.e.*, Chief Benton and Deputy Chief Gregory), because the Complaint nowhere alleges that those individuals were responsible for the City's challenged employment actions.

6. Count II must be dismissed, because Plaintiff's Complaint does not allege that Plaintiff's active duty status in the Illinois National Guard's Counter Drug Task Force qualifies for one of the four categories of leave/duty specified in Section 1(a) of the IMLAA. As explained above, *see supra* at ¶ 5, Plaintiff's active duty status in the Illinois National Guard's Counter Drug Task Force is purely a function of state law, such that his duty was not "required by the United States Armed Forces" in order to qualify for the fourth leave-duty category listed in the IMLAA. *See* 5 ILCS 325/1(a)(4).

7. Alternatively, Count II must be dismissed because the City is excused from complying with the IMLAA due to the Illinois General Assembly's failure to exempt Illinois municipalities pursuant to the Illinois State Mandates Act when it amended IMLAA in 2010 to require differential pay and accrued leave for "any other training or duty required by the United

States Armed Forces." 30 ILCS 805/8(a) ("failure of the General Assembly to make necessary appropriations shall relieve the local government of the obligation to implement any . . . personnel mandates, as specified in Section 6 . . . unless the exclusion[s] provided for in this Section are explicitly stated in the Act establishing the mandate."); *Bd. of Educ. of Maine Township High Sch. Dist. 207 v. State Bd. of Educ.*, 139 Ill. App. 3d 460 (1st Dist. 1985).

WHEREFORE, for the reasons discussed above and more fully in Defendants' Memorandum of Law in Support of Their Motion to Dismiss, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.

DATED: January 5, 2018                      Respectfully submitted,

**CITY OF JOLIET,** *et al.*

By: /s/ James J. Powers
             One of Their Attorneys

James J. Powers (ARDC # 6256540)
Abigail C. Rogers (ARDC # 6243760)
CLARK BAIRD SMITH LLP
6133 N. River Road, Suite 1120
Rosemont, IL 60018
(847) 378-7700
jpowers@cbslawyers.com
arogers@cbslawyers.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT to be served upon the following, filing same with the Court's CM/EFC electronic filing system and U.S. Mail on this 5th day of January, 2018:

>Dana Kurtz
>Kurtz Law Offices, LTD
>32 Blaine Street.
>Hinsdale, IL 60521
>DKurtz@kurtzlaw.us

>/s/ James J. Powers
>James J. Powers