IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DAVID MUELLER,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**CITY OF JOLIET; BRIAN BENTON, in his official and individual capacity as the CHIEF OF POLICE; and EDGAR GREGORY, in his individual capacity,**<br><br>    **Defendants.** | **Case No. 17 C 7938**<br><br>**Judge Harry D. Leinenweber** |

## ORDER

Plaintiff's Motion to Reconsider (Dkt. No. 33) is denied. Defendants' Motion to Dismiss Count I of the First Amended Complaint (Dkt. No. 37) is granted. The Court declines to exercise jurisdiction to determine the applicability of the IMLAA to Plaintiff's case or to determine the applicability of the State Mandates Act, 30 ILCS 805/1 *et seq.*, to the IMLAA. Defendants' Motion to Strike (Dkt. No. 48) is denied.

## STATEMENT

Plaintiff, an employee of the Joliet Police Department, has sued the City and its Chief and Deputy Chief of Police for allegedly violating the Uniformed Service Members Employment and Reemployment Act, 38 U.S.C. § 4311 ("USERRA") (Count I), and the Illinois Military Leave of Absence Act, 5 ILCS 325/1 ("IMLAA") (Count II). The Court dismissed Count I of the original Complaint on the basis that Plaintiff did not come under the coverage of the USERRA and declined to exercise supplemental jurisdiction on Count

II, the state law IMLAA claim. Plaintiff filed a Motion to Reconsider the dismissal of the USERRA claim or, in the alternative, to file a First Amended Complaint. The Court granted leave to file the First Amended Complaint, and Defendants responded by objecting to reconsideration and with a Motion to Dismiss Count I of the First Amended Complaint. The facts are not really disputed so that the real questions before the Court are ones of law.

The undisputed facts have been clearly laid out in the parties' filings and in the Court's previous Memorandum Opinion. *Mueller v. City of Joliet*, No. 17 C 7938, 2018 WL 2045451, at *1-2 (N.D. Ill. May 2, 2018). Briefly, the Plaintiff, a member of the National Guard, received deployment orders requiring him to report for active full-time duty to the Illinois National Guard Counter Drug Task Force. The orders were executed by Richard J. Hayes, Jr., the State Adjutant General, on behalf of the Governor of Illinois. Plaintiff was informed by his superiors at the Police Department that he only qualified for "unpaid leave of absence" during his deployment, which reduced his compensation during his leave because his National Guard pay was less than his municipal pay. Plaintiff contends that this decision violates the USERRA and/or the IMLAA. Defendants' position, with which the Court agreed, was that the USERRA did not apply because Plaintiff was on in-state service while on duty with the National Guard.

The legal dispute between the parties therefore involves the interpretation of the words "federal authority" and "state authority." This legal issue goes back to the twin purposes of the National Guard. When operating under federal authority, the member is under the direction of the President of the United States and performs a federal function such as suppression of an

insurrection or assisting in the case of national emergencies such as national disasters. On the other hand, when the member is under state authority he is under the direction of the Governor or his designee and performs a state function, such as riot control or enforcement of state criminal law. Here, Plaintiff, as a member of a state drug interdiction task force, was attempting to enforce a state criminal law. This limitation is clearly delineated in 32 U.S.C. § 112, under which, for a state to qualify for federal funding for drug interdiction, a state must certify (1) that the counter drug operations are to be conducted while the personnel are not involved in federal service, (2) the use of the National Guard is authorized by and is consistent with State law, and (3) the Governor of the State has determined that plan activities serve a state law enforcement purpose. The obvious reason for the certification requirement is to comply with the Posse Comitatus Act ("PCA"), 18 U.S.C. § 1385, which prohibits the use of the Army or Air Force in enforcing state criminal laws. When a National Guard is under federal service, it is considered a part of the Army. The cases are legion in which guardsmen are utilized as members of anti-drug task forces and provide evidence in subsequent drug prosecutions. In such cases, defendants routinely endeavor to have testimony and evidence suppressed as obtained in violation of the PCA. In all cases where the Guard has been called into duty by the State, such defenses have failed because the members of the National Guard were under state service rather than federal service. *See Gilbert v. United States*, 165 F.3d 470, 474 (6th Cir. 1999); *accord United States v. Hutchings*, 127 F.3d 1255, 1258 (10th Cir. 1997); *United States v. Benish*, 5 F.3d 20, 26 (3rd Cir. 1993).

Plaintiff argues that the guardsmen's annual training activities and homeland security activities are under federal authority. This is true, but the purpose of such activities is to ensure that the National Guard is ready if needed for federal services, and such training is required by the Act of the President of the United States. Thus, members who are undergoing annual or periodic training may be in federal service and thus qualify for the protection of the USSERA. This is not the case here.

 

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 11/16/2018